STATE OF MAINE

YORK, ss.

FAF    —YOR— 1/13 2010

JAMIE FURHMANN,

Plaintiff

v.

**ORDER AND DECISION
ON PENDING MOTIONS**

STAPLES, INC. d/b/a
STAPLES THE OFFICE SUPERSTORE
and/or STAPLES THE OFFICE
SUPERSTORE EAST, INC., et al.,

Defendants

The plaintiff was formerly employed by Staples at its South Portland and then Biddeford stores. She has sued Staples and four of its managerial employers alleging violations of the Maine Whistleblowers' Protection Act, 26 M.R.S.A. §833 and 5 M.R.S.A. §§4551 – *et seq.* and the prohibition against sex discrimination in employment found in the Maine Human Rights Act.

The defendants have filed the following motions which have been briefed and argued:

(1)    Defendant Steppe's motion to dismiss plaintiff's complaint and defendant Staples, Inc.'s motion to dismiss Count I (the count based on 26 M.R.S.A. §833); and

(2)    The motion to dismiss plaintiff's complaint by defendants Lemieux, Rodick and Auger.

I have reviewed the written arguments of the parties, read the cases from the United States District Court for the District of Maine, reviewed the 2003 comment at 55

Maine Law Review 428 and re-read the published final opinion in *Gordan v. Cummings,* 2000 ME 68, 756 A.2d 942.

## ADEQUACY OF PLEADING

There are two issues presented in these well-briefed and argued motions. The first is whether the plaintiff has in her complaint alleged that she reported "... orally or in writing to the employer ... what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State ... or the United States." See 26 M.R.S.A. §833(1)(A). The reporting, under that sub-section, of an alleged violation of an internal corporate policy or rule would not provide the plaintiff with protection under the Whistleblowers' Protection Act. Given the rules of pleading under Rule 8(a), M.R.Civ.P., and the rules for reviewing motions to dismiss, the complaint is sufficient to make out a claim under the Act based on her reporting of what could be characterized as alleged violations of state laws or federal laws prohibiting theft or corporate income taxation fraud. The Whistleblowers' Protection Act claims will not be dismissed.

## DEFINITION OF EMPLOYER

The second question is whether the managerial employees can be held personally liable if sex discrimination in employment is proven, See 5 M.R.S.A. §4572(1)(A), or if a Whistleblowers' violation is established. Section 4572 prohibits certain actions by "any employer". An "employer" is defined at 5 M.R.S.A. §4553(4) to include "... any person in this State employing any number of employees ...; any person acting in the interest of any employer, directly or indirectly ...." It is that second definition that is primarily at issue here.

The Maine Supreme Judicial Court has not yet decided that question, see the published decision in *Gordan v. Cummings,* at ¶¶ 10-11, though a withdrawn split

2

decision opinion did answer the question for a time. The federal courts here and elsewhere have answered the question as to whether a supervisory employee is an "employer" with a resounding answer of no. See, for example, *Quiron v. L.N. Violette Co., Inc.*, 897 F.Supp. 18, 19-21 (D.Me. 1995); *Caldwell v. Federal Express Corp.*, 908 F.Supp. 29, 36 (D.Me. 1995) and *Gough v. Eastern Maine Development Corp.*, 172 F.Supp. 2d 221, 223-227 (D.Me. 2001). Based on all of the federal cases particularly the more recent and comprehensive *Gough* case I conclude that, in the absence of a definitive ruling from the Law Court, there is no potential liability for any of the individual defendants under the Maine Human Rights Act's prohibition against sex based employment discrimination. The case is even clearer that there is no individual liability under the Whistleblowers' Protection Act. See 26 M.R.S.A. §832(2).

The entries are:

Motion of defendant Steppe to dismiss plaintiff's complaint is granted.

Motion of defendant Staples, Inc. to dismiss Count I is denied.

Motion to dismiss plaintiff's complaint by defendants Lemieux, Rodick and Auger is granted.

Dated:     April 13, 2010

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF'S ATTORNEY:
KAREN WOLFRAM, ESQ.
DANIEL G. LILLEY LAW OFFICE
PO BOX 4803
PORTLAND ME  04112

DEFENDANT'S ATTORNEY:  (EXCEPT FOR JOHN LEMEUX)
PETER BENNETT, ESQ.
THE BENNETT LAW FIRM, PA
PO BOX 7799
PORTLAND ME  04112-7799

VISITING ATTORNEY FOR ALL DEFENDANTS
KRISTA PRATT, ESQ.
SEYFARTH SHAW LLP
WORLD TRADE CENTER EAST
TWO SEAPORT LANE, SUITE 300
BOSTON MA  02210-2028

THE DONALD GABRECHT LAW LIBRARY
UNIVERSITY OF MAINE SCHOOL OF LAW
246 DEERING AVENUE
PORTLAND ME 04102

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.   CV-09-303
PAF - YOR - 10/27/2011

JAMIE FURHMANN,

      Plaintiff

v.                                                    **ORDER**

STAPLES, INC. d/b/a
STAPLES THE OFFICE SUPERSTORE
and/or STAPLES THE OFFICE
SUPERSTORE EAST, INC.,

      Defendants

Ms. Furhmann filed a five-count complaint against her former employer and several individuals who were employed by Staples in managerial capacities.   By order of April 13, 2010 the complaints against the individuals were dismissed leaving only Staples as a defendant.   It appears that the correct corporate defendant is Staples the Office Superstore East, Inc.   It has filed a motion for summary judgment which has been briefed and argued.

Count I of the complaint claimed that Staples violated the Maine Whistleblowers' Protection Act at 26 M.R.S.A. §833(1)(A).   Count II is a claim of employment discrimination under the Maine Human Rights Act based on the claimed violation of the Maine Whistleblowers' Protection Act.   *See* 5 M.R.S.A. §4571.   These two claims will be considered together.

In order to prevail on her whistleblower claim, brought through the procedural mechanism of a human rights act claim, the plaintiff must prove that she engaged in a

protected activity, was subjected to an adverse action and must establish that there was a causal link between the activity and the action. *Stanley v. Hancock County Commissioners*, 2004 ME 157, ¶11, 864 A.2d 169, 173. Regardless of whether the plaintiff can meet the first two requirements the evidence presented indicates that there was no "causal link" between any complaint she made to management about charitable donations and the proposed change to her work hours. The evidence indicates that the proposed changes in her schedule resulted from legitimate business needs of Staples and that the managers involved with the proposed changes were unaware that the plaintiff had filed a report with other individuals at Staples at the time the schedule changes were proposed.

The third count is a claim of discrimination in employment under the Maine Human Rights Act. This claim fails as male and female employees and employees with and without children were treated the same as to scheduling.

Count IV is a request for punitive damages and Count V is a separate claim based upon vicarious liability. Given this order and the order of April 13, 2010, judgment will be entered for the defendant on those counts as well.

The entry is:

The motion of Staples the Office Superstore East, Inc. for summary judgment is granted. Judgment for all remaining defendants is granted on all counts of the complaint.

Dated:      October 27, 2011

Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
TINA H NADEAU
DANIEL G LILLEY LAW OFFICE
PO BOX 4803
PORTLAND ME    04112

ATTORNEY FOR DEFENDANT:
PETER BENNETT
THE BENNETT LAW FIRM, PA
PO BOX 7799
PORTLAND ME    04112-7799